

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Overruled by WV-1276

August 19, 1947

Hon. George H. Sheppard,
Comptroller of Public Accounts,
Austin, Texas

Opinion No. V-354

Re: Reimbursement of travel ex-
penses of a District Attor-
ney for travel to Austin in
connection with cases which
he prosecuted in the trial
court and which had been
reversed on appeal.

Dear Sir:

From your letter presenting the above mat-
ter for an opinion by this department, we take the fol-
lowing statement of the District Attorney:

"The three trips to Austin, two of which
occurred in 1945, and one in 1946, were
made in connection with three criminal
cases which I had prosecuted in the trial
court and which were reversed by the
Court of Crim. Appeals. The trip in 1945
was in connection with a motion for re-
hearing, and the other two trips were for
the purpose of discussing the reindict-
ment of the defendants with the State's
Attorney and the judges of the Court of
Criminal Appeals. In both of these lat-
ter cases the court had indicated that
the indictments were defective but had
not explained in what way they were defec-
tive. These were important cases and I
deemed it necessary to secure the inform-
ation before reindicting the defendants.
Both defendants have been reindicted. One
has been tried and acquitted and the oth-
er is still pending trial."

Article 6820, Revised Civil Statutes of
Texas, insofar as pertinent, is as follows:

"All district judges and district
attorneys when engaged in the discharge
of their official duties in any county
in this state other than the county of
their residence, shall be allowed their
actual and necessary expenses while ac-
tually engaged in the discharge of such
duties, . . ."

Article 25 of the Code of Criminal Procedure
is in part as follows:

"Each district attorney shall rep-
resent the State in all criminal cases
in the district courts of his district
. . ."

Article 1811, Revised Civil Statutes pro-
vides:

"The Court of Criminal Appeals
shall appoint an attorney to represent
the State in all proceedings before
said court, to be styled 'State Prose-
cuting Attorney.'"

Construing these statutes this department
advised you under date of October 25, 1935, that:

". . . such District Attorney would not
be entitled to his mileage and expenses
while engaged in appearing before the
Court of Criminal Appeals as Article
1811, Revised Civil Statutes of Texas,
makes it the duty of the State Prosecut-
ing Attorney to represent the State in
all proceedings before said court.

"The act of said district attorney
in following up his cases, while commend-
able, is not the official duty of said
attorney and the Comptroller would not be
authorized to pay the same."

"For even stronger reasons it should be held
that the district attorney in this case was not perform-
ing any official duty when he traveled beyond his dis-
trict to appear before the Court of Criminal Appeals in

connection with a motion for rehearing, nor when he made similar trips for the purpose of discussing the reindictment of the defendants with the State's Attorney and the Judges of the Court of Criminal Appeals. His solicitude was commendable, but his trips were not made in the discharge of a duty imposed upon him by law.

Our Opinion No. V-306 of date July 16, 1947, addressed to Hon. Leslie D. Williams, District Attorney, Brenham, Texas, is not to be construed as being in conflict with anything we have said in this opinion. Our holding in that opinion merely advised the District Attorney that: "You are entitled to charge and receive your actual and necessary expenses while engaged in discharge of your duties in counties outside of your home county, not to exceed, of course, the limitations as to amounts specified in the statute." We merely assumed the District Attorney's conclusion that he was on official business, and expressly stated in the opinion "We cannot be specific as to items for the reason that you state no items." The opinion, however, is probably capable of a construction in conflict with our conclusion in this opinion, but such was not the intention of the opinion in the light of the quotations therefrom above made.

## SUMMARY

A district attorney is not entitled to payment, or reimbursement for payment of his travel expenses from the county of his residence to Austin in connection with a motion for rehearing, or for the purpose of discussing the matter of reindictment of defendants with the State's Attorney and the Judges of the Court of Criminal Appeals, in cases prosecuted by him which had been reversed. Rev. Civ. Stat., Art. 6820; Code Crim. Proc., Art. 25, Rev. Civ. Stat., Art. 1811.

Yours very truly,

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL
OS:wb

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant